

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-77,034

---

### BRANDON DANIEL, Appellant

### v.

### THE STATE OF TEXAS

---

### ON DIRECT APPEAL FROM CAUSE NO. D-1-DC-12-201718
### IN THE 403RD JUDICIAL DISTRICT COURT
### TRAVIS COUNTY

---

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of appellant's capital murder conviction and resulting sentence of death in the 403rd Judicial District Court of Travis County, Cause No. D-1-DC-12-201718, styled The State of Texas v. Brandon Daniel. The State has filed a motion requesting this Court to abate the appeal and to remand the case to the trial court for a hearing to determine if appellant knowingly and voluntarily wishes to waive his rights to direct appeal and habeas review and to proceed *pro se* from this point forward.

Appellant was sentenced to death in February 2014. The State says in its motion that the trial court at that time appointed counsel to represent appellant on direct appeal and habeas, "pursuant to appellant's desire to be represented by counsel." Appellate counsel filed a brief in this Court on January 16, 2015. However, on March 4, 2015, appellant filed a letter dated February 25, 2015, in the District Court of Travis County "respectfully request[ing] to waive any and all of [his] appeals immediately" and to "represent [himself] pro se in any and all litigation."

Appellant's judgment of conviction and sentence of death are subject to automatic review by this Court on direct appeal. TEX. CODE CRIM. PROC. art. 37.071(h). He requested to waive his appeal and to proceed *pro se* after counsel already filed his brief in this Court. Thus, we will proceed on the brief that has been filed on his behalf. Appellant, however, may waive his right to habeas review. *See Ex parte Reynoso,* 257 S.W.3d 715 (Tex. Crim. App. 2008). We need not abate this direct appeal in order for the trial court to have the authority to determine whether appellant's habeas counsel should be dismissed. The State's motion to abate the appeal is denied, and the State's brief is still due in this case.

IT IS SO ORDERED THIS THE 27TH DAY OF APRIL, 2015.

Do not publish